IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| SHIRLEY A. STILLMAN, ) | |
| ) | |
| Plaintiff, ) | 8:04CV569 |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | MEMORANDUM OPINION |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court for review of a final decision of the Commissioner of Social Security ("Commissioner"), wherein the Commissioner denied plaintiff's request for Social Security Disability Insurance benefits ("SSD") and Supplemental Security Income ("SSI") benefits.  After careful review of the briefs, the 467-page record before the Court, and the applicable law, the Court finds that the Commissioner's decision should be affirmed.

### BACKGROUND

The plaintiff, Shirley A. Stillman ("plaintiff" or "Stillman") initially filed for SSD benefits on June 22, 1999. On September 9, 1999, Stillman was notified that her benefit claim was denied.  On November 6, 1999, Stillman filed her request for reconsideration which was subsequently denied.  On January 1, 2000, Stillman filed a request for hearing by an administrative law judge ("ALJ").  This hearing was held on

August 21, 2000, in front of ALJ Jan E. Dutton.  On October 24, 2000, ALJ Dutton denied Stillman's benefits claim.  On December 28, 2000, Stillman filed a request for review of the hearing decision that was subsequently denied on March 22, 2001.  No appeal to the district court was taken from this decision.[1]

On February 21, 2002, Stillman filed a new application for SSD and SSI benefits.  These claims were denied initially and upon reconsideration.  Next, Stillman sought and was granted a hearing.  This hearing was held before ALJ William C. Thompson, Jr. on July 10, 2003.  On January 28, 2004, ALJ Thompson denied Stillman's SSD and SSI claims.  Stillman filed a motion for rehearing on February 3, 2004.  This request was denied on September 15, 2004.  Stillman then filed the current action in this Court seeking review of the Commissioner's decision.

### STANDARD OF REVIEW

The Commissioner's decision will be affirmed "if the record contains substantial evidence to support it."  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  "In determining whether existing evidence is substantial,

---

[1] This June 22, 1999, claim is not at issue because Stillman failed to appeal or have this claim re-opened within sixty days as required under 42 U.S.C. § 405(g).

[a court should] consider evidence that detracts from the Commissioner's decision as a well as evidence that supports it." *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001).  If the record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely because "substantial evidence exists in the record that would have supported a contrary outcome."  *Id.*  In other words, "[a]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion."  *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001)(citing *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997)).

## DISCUSSION

The narrow issue before the Court is whether there is substantial evidence on the record as a whole to support the ALJ's decision denying Stillman's application for SSD and SSI benefits.  *See* 42 U.S.C. § 405(g).  The Court finds that there is and will affirm the Commissioner's decision.  In doing so, the Court is cognizant of the statutory and regulatory framework that governs the payment of SSD and SSI benefits.

The evidence that supports the ALJ's decision is contained in the medical records, functional capacity evaluations and the ALJ's credibility determination.  At the outset, the Court notes two guiding principles in this matter: (1) that the Court must affirm the decision of the ALJ if the record contains

substantial evidence to support his decision, and (2) the credibility of the plaintiff is for the ALJ, not this Court, to decide.  *See Edwards*, 314 F.3d at 966; 20 C.F.R. § 404.1527(d)(2).

The record reveals that there was substantial evidence to support the ALJ's decision.  This record includes the medical records and evaluations received in evidence by the ALJ.  The claimant's treating physician, Dr. Thorir Ragnarsson, wrote on December 4, 2000, that Stillman could lift twenty to twenty-five pounds, but should not perform repetitive twisting, turning, pushing, pulling, bending or stooping.  This opinion is supported by Dr. Manjula Tella, a physician to whom the Social Security Administration referred plaintiff for examination.  These findings are set forth in his report of April, 2002, following an examination of Stillman.  Dr. Tella found that Stillman was not in acute distress, sat straight and appeared comfortable during her examination and did not have any gait abnormalities or major sensory deficits.

Vocational expert Gail Leonhardt testified that Stillman could perform jobs involving light work such as assembler, cashier and packager that exist in significant numbers in the regional and national economies.  In addition, a May 1, 2002, functional capacity evaluation also indicated Stillman can perform work, at the light level of work activity.  This

-4-

evaluation noted that Stillman would be able to stand or sit about six hours in an eight hour day with normal breaks, had no limitations on pushing and pulling and could occasionally climb, bend, squat, stoop, kneel, crouch and crawl.  This evaluation also noted that Stillman could lift twenty pounds occasionally and ten pounds frequently.  This evidence supports the conclusion that Stillman could perform light duty jobs that exist in substantial numbers in the national and regional economy.

      The Court recognizes that the record also contains some evidence that would have supported a different conclusion by the ALJ.  In particular, on January 19, 2001, just a month after his earlier report, Dr. Ragnarsson opined that Stillman was "disabled and not able to work because of her back condition and her disability was most likely permanent."  However, the Court is also mindful of the applicable standard of review.  If the record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely because "substantial evidence exists in the record that would have supported a different outcome."  *Haley,* 258 F.3d at 747.  In other words, "[a]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion."  *Pearsall*, 274 F.3d at 1219 (citing *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997)).

In addition to relying on the plaintiff's medical records, the ALJ determined that the plaintiff's testimony was not credible.  The Eighth Circuit has often noted that "[a]s is often true in disability cases, the question was not whether [the plaintiff] was experiencing pain, but rather the severity of [the] pain."  *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001).  A determination regarding the plaintiff's credibility is largely left to the ALJ.  *See Edwards*, *supra*; *Pearsall*, 274 F.3d at 1218; *Holmstrom v. Massanari*, 270 F3d 715, 721 (8th Cir. 2001).  The United States Court of Appeals for the Eighth Circuit has explained that "the ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard."  *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  In making a determination regarding a claimant's subjective complaints of pain, "an ALJ must examine: '(1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; [and] (5) functional restrictions.'"  *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001)(quoting *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)).  "The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole."  *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).  "Where objective evidence does not fully support the degree of severity

in a claimant's subjective complaints of pain, the ALJ must consider all evidence relevant to those complaints." *Holmstrom*, 270 F.3d at 721 (*citing Polaski,* 739 F.2d at 1322). "If the ALJ discredits a claimant's credibility and gives a good reason for doing so, we will defer to its judgment." *Dunahoo*, 241 F.3d at 1038.

In this case, the ALJ's written disposition specifically questioned Stillman's credibility and set forth the reasons for his conclusions. Further, the objective medical evidence, taken in conjunction with the evidence from the vocational experts, could easily lead to the conclusion that the plaintiff's testimony was not credible.

Because the decision is supported by substantial evidence, this Court will affirm the decision. The complaint will be dismissed. A separate order will be issued in accordance with this memorandum opinion.

DATED this 19th day of July, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court